UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ANNA RUTH BRAY | ) |
| | ) |
| And | ) |
| | ) |
| JIMMIE LOWE | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| V. | ) |
| | ) |
| JOHN D. HUSTED, M.D., | )   Civil Action No. _____ |
| LAKE CUMBERLAND REGIONAL | ) |
| HOSPITAL, LLC, (d/b/a | )   (Jury Demand) |
| LAKE CUMBERLAND | ) |
| REGIONAL HOSPITAL and d/b/a | ) |
| COMMONWEALTH BARIATRIC | ) |
| CENTER), | ) |
| | ) |
| And | ) |
| | ) |
| LIFEPOINT OF LAKE | ) |
| CUMBERLAND, LLC, | ) |
| | |
|    Defendants. | |

## COMPLAINT

Come the Plaintiffs, Anna Ruth Bray and Jimmie Lowe, by counsel, and for their Complaint against the Defendants, John D. Husted, M.D.; Lake Cumberland Regional Hospital, LLC, d/b/a Lake Cumberland Regional Hospital and d/b/a Commonwealth Bariatric Center; and Lifepoint of Lake Cumberland, LLC, state as follows:

## Introduction

1.      This is a medical negligence action arising out of bariatric surgeries improperly performed upon Anna Ruth Bray and Jimmie Lowe by John D. Husted, M.D., while he was practicing in association with Lake Cumberland Regional Hospital, LLC and/or Lifepoint of Lake Cumberland, LLC.

## Identity of Parties

2.      At all times complained of herein, Plaintiff Anna Ruth Bray (hereinafter "Ms. Bray") was an adult citizen and resident of Smiths Grove, Edmonson County, Kentucky.

3.      At all times complained of herein, Plaintiff Jimmie Lowe (hereinafter "Ms. Lowe"), was an adult citizen and resident of London, Laurel County, Kentucky.

4.      John D. Husted, M.D. (hereinafter "Dr. Husted") is presently an adult citizen and resident of Scottsdale, Maricopa County, Arizona who at all times complained of herein was licensed to practice medicine in the Commonwealth of Kentucky.

5.      At all times complained of herein, Defendant Lake Cumberland Regional Hospital, LLC, d/b/a Lake Cumberland Regional Hospital (hereinafter "LCRH") and d/b/a Commonwealth Bariatric Center (hereinafter "CBC") in Somerset, Pulaski County, Kentucky, was a Delaware limited liability company authorized to do business in the Commonwealth of Kentucky and operating the Lake Cumberland Regional Hospital and Commonwealth Bariatric Center.

6.      At all times complained of herein, Defendant Lifepoint of Lake Cumberland, LLC (hereinafter "Lifepoint") was a Delaware limited liability company authorized to do business in the Commonwealth of Kentucky and operating the Lake Cumberland Regional Hospital in Somerset, Pulaski County, Kentucky.

2

## Jurisdiction and Venue

7. Jurisdiction is vested in this Court to hear and try all issues presented in this action based upon complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00, pursuant to 28 U.S.C. § 1332; further, all of the acts giving rise to this suit occurred within the judicial district of this Court.

## General Factual Allegations

8. LCRH is an acute care hospital facility located in Somerset, Kentucky.

9. LCRH operates CBC, which is located on the main campus of LCRH in Somerset, Kentucky.

10. For a period of time beginning in 2009 and ending in 2010, Dr. Husted performed bariatric surgery in association with LCRH and CBC.

11. One of the procedures that Dr. Husted offered to his patients was known as a "Duodenal Switch," which is a surgical procedure that generates weight loss by restricting the amount of food that can be eaten through a reduction in stomach size, by limiting the amount of food that is absorbed into the body through a re-routing of the intestines and by a metabolic effect induced by manipulating intestinal hormones as a result of intestinal re-routing.

12. The Duodenal Switch procedure involves reducing the size of the stomach to a 3-4 ounce volume, preserving its natural inlet and outlet (the pylorus).

13. Reducing the size of the stomach results in a temporary restrictive effect on eating for several months, which then reverts to normal.

14. The small intestine that the stomach normally empties into (the duodenum) is "switched" to the downstream portion of the small intestine (the digestive limb).

15. The outflow from the duodenum, carrying the digestive juices and enzymes (but no food) becomes the bilio-pancreatic limb utilizing approximately 60% of the small intestines length.

16. The digestive limb takes up approximately 40% of the small bowel length, and most of this length is upstream from where the biliopancreatic limb deposits its juices to allow for the absorption of fats, starches, and complex carbohydrates.

17. The common limb, being the portion of intestine where both food and bilio-pancreatic outflow meet, is made up of the most downstream 75-100 centimeters of small intestine and is the only portion where absorption of dietary starches, fats, and complex carbohydrates occurs.

18. If the common limb is too short, the patient will not absorb sufficient nutrients and will become malnourished.

**Factual Allegations and Claims Relating to Anna Ruth Bray**

19. On or about May 26, 2009, while practicing at LCRH and CBC, Dr. Husted performed a Duodenal Switch procedure upon Ms. Bray. A true and accurate copy of Dr. Husted's operative note is attached hereto as Exhibit 1.

20. Ms. Bray suffered severe complications, including life-threatening malnutrition, for several months after the procedure.

21. After being treating by Dr. Husted, Ms. Bray came under the care of Jeffrey Allen, M.D., a Bariatric Surgeon practicing in Louisville (hereinafter "Dr. Allen").

22. On April 6, 2010, after pursuing a conservative course of treatment for several months, Dr. Allen performed revision surgery upon Ms. Bray and discovered that the her common limb was only 20 centimeters in length, rather than the recommended 75-100 centimeters. A true and accurate copy of Dr. Allen's operative note is attached hereto as Exhibit 2.

23. As a direct consequence of having a common limb that was less than one-third of the minimum recommended length, Ms. Bray experienced profound and life-threatening malnutrition.

24. Dr. Husted deviated from the standard of care by making the common limb of Ms. Bray's digestive system dramatically shorter than the minimum recommended length and this deviation from the standard of care is the direct and proximate cause of Ms. Bray's complications and resulting legal damages, as alleged herein.

25. Dr. Husted's deviation from the standard of care was so profound that it constitutes gross negligence.

26. Ms. Bray has in the past and will in the future incur significant medical expenses for treatment of complications related to the surgery performed by Dr. Husted.

27. Ms. Bray has in the past and will in the future experience severe physical and mental pain and suffering for which she is entitled to recover damages.

28. Ms. Bray is entitled to recover punitive damages from Dr. Husted as a consequence of his gross negligence.

## Factual Allegations and Claims Relating to Jimmie Lowe

29. On or about June 11, 2009, while practicing at LCRH and CBC, Dr. Husted performed a Duodenal Switch procedure upon Ms. Lowe. A true and accurate copy of Dr. Husted's operative note is attached hereto as Exhibit 3.

30. Ms. Lowe suffered severe complications, including life-threatening malnutrition, for several months after the procedure.

31. After being treating by Dr. Husted, Ms. Lowe came under the care of Jeffrey Allen, M.D., a Bariatric Surgeon practicing in Louisville (hereinafter "Dr. Allen").

32. On April 6, 2010, after pursuing a conservative course of treatment for several months, Dr. Allen performed revision surgery upon Ms. Lowe and discovered that the her common limb was only 20 centimeters in length, rather than the recommended 75-100 centimeters. A true

5

and accurate copy of Dr. Allen's operative note with regard to Ms. Lowe is attached hereto as Exhibit 4.

33. As a direct consequence of having a common limb that was less than one-third of the minimum recommended length, Ms. Lowe experienced profound and life-threatening malnutrition.

34. Dr. Husted deviated from the standard of care by making the common limb of Ms. Lowe's digestive system dramatically shorter than the minimum recommended length and this deviation from the standard of care is the direct and proximate cause of Ms. Lowe's complications and resulting legal damages, as alleged herein.

35. Dr. Husted's deviation from the standard of care was so profound that it constitutes gross negligence.

36. Ms. Lowe has in the past and will in the future incur significant medical expenses for treatment of complications related to the surgery performed by Dr. Husted.

37. Ms. Lowe has in the past and will in the future experience severe physical and mental pain and suffering for which she is entitled to recover damages.

38. Ms. Lowe is entitled to recover punitive damages from Dr. Husted as a consequence of his gross negligence.

### Factual Allegations and Claims Against Lake Cumberland Regional Hospital

39. At all times relevant herein, Dr. Husted was acting as an employee, agent and/or ostensible agent of LCRH and/or Lifepoint such that these entities are vicariously liable for the negligent and grossly negligent acts of Dr. Husted.

40. The damages alleged by the Plaintiffs herein are a direct and proximate result of the failure of LCRH and/or Lifepoint to properly credential and supervise Dr. Husted with regard to the Duodenal Switch procedure that he performed upon Ms. Bray and Ms. Lowe.

WHEREFORE, the Plaintiffs, Anna Ruth Bray and Jimmie Lowe, demand judgment against the Defendants, John D. Husted, M.D.; Lake Cumberland Regional Hospital, LLC, d/b/a Lake Cumberland Regional Hospital and d/b/a Commonwealth Bariatric Center; and Lifepoint of Lake Cumberland, LLC in an amount determined by the trier of fact, trial by jury, their court costs expended herein and all other proper relief.

This 14th day of February, 2011.

    Respectfully submitted,

    Brian Schuette, Attorney at Law, P.S.C.
    719A Dishman Lane
    Bowling Green, KY 42104
    (270) 781-7500 Voice
    (270) 781-7533 Facsimile
    brian@bsa-law.com


    By:___/S/_____
        Brian Schuette